

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00156-CR

MAURICIO GOMEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 367th District Court
Denton County, Texas
Trial Court No. F-2013-1236-E, Honorable Charles (Coby) Waddill, Presiding

June 9, 2016

## ORDER OF ABATEMENT AND REMAND

### Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Mauricio Gomez was convicted of the offense of driving while intoxicated, third offense or more,[1] and sentenced to nine years imprisonment. Appellant's retained counsel filed a notice of appeal from the trial court's judgment.

The appellate record was due on April 26, 2016. The trial court clerk's record was filed by this deadline. However, the court reporter notified us on April 26 that appellant had not requested preparation or made acceptable payment arrangements for

---

[1] TEX. PENAL CODE ANN. § 49.09 (West Supp. 2015).

the reporter's record. *See* TEX. R. APP. P. 35.3(b)(2), (3). By letter dated April 27, 2016, we granted an extension to May 26 to file the reporter's record. We also directed appellant to request preparation of the reporter's record and make acceptable payment arrangements by May 12. Failure to do so, we advised, could result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice. *See* TEX. R. APP. P. 37.3(a)(2). This deadline has passed and the court reporter has notified us that appellant has neither requested nor made payment arrangements for the reporter's record. Appellant's counsel did not make any response to the Court's letter.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. TEX. R. APP. P. 37.3(a)(2). On remand, the trial court shall utilize whatever means it finds necessary to determine the following:

(1)　　whether appellant desires to prosecute the appeal;

(2)　　whether retained counsel has abandoned the appeal;

(3)　　whether appellant is indigent;

(4)　　if appellant is indigent, whether new counsel should be appointed to represent appellant on appeal;

(5)　　whether appellant is entitled to have the reporter's record furnished without charge;

(6)　　if appellant is not entitled to have the reporter's record furnished without charge, the date appellant will request preparation and make acceptable payment arrangements for the reporter's record; and

(7)　　what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute the appeal, to assure that the reporter's record will be filed promptly and that the appeal will be diligently pursued.

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court determine appellant desires new counsel and is entitled to same, the trial court shall appoint counsel and shall include in its findings of fact the name, address, telephone number, email address, and state bar number of the new counsel appointed. Additionally, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at any hearing held. The trial court shall cause the supplemental clerk's record and reporter's record, if any, to be filed with the clerk of this Court on or before July 11, 2016. Should additional time be needed to perform these tasks, the trial court may request same on or before that date.

It is so ordered.

Per Curiam

Do not publish.